Good morning, your honors. My name is Peter Sessions. I represent the plaintiff and the appellant, in this case, Michael Woolsey. I'd like to reserve two minutes for rebuttal, if I could. Okay, very good. At the outset, I think it's important to be clear about what this appeal is about and what it's not about. Aetna devotes a significant chunk of its briefing to the issue of whether Mr. Woolsey is disabled or not, whether he's entitled to benefits. But this appeal isn't about whether he's entitled to benefits or whether he's disabled. It's also not about whether, ultimately, he should be entitled to attorney's fees. And if so, how much? Those are issues that the district court would have to decide later on remand, if this case is remanded. Instead, the only sole limited issue that's before the court on this appeal is a narrow question. Excuse me, counsel. I'm sorry to interrupt. Can we turn the volume up? So I can hear counsel. Can we turn the volume up? All right, should I proceed? Hold on just a second. Okay. Oh, not yet, not yet. We're just trying to adjust the volume of the sound here. Okay, go ahead, please proceed. I'm sorry to interrupt. Go ahead, counsel. That's fine. I apologize, and I'll try to speak up also. So as I was saying, this appeal only involves a limited issue, a threshold issue, of whether Mr. Woolsey achieved, quote, some success on the merits under the Supreme Court's test in Hart v. Reliance. Of course, you know, Mr. Woolsey believes he is entitled to fees, and he certainly looks forward to making that case before the district court if this case is remanded. But all he's arguing today is that he met this threshold test. So, you know, in order to determine whether he met this threshold test, I think it's important to take a step back and take a look at ERISA's attorney's fee provision and understand what it is, why it exists, what its purpose is. Excuse me, did the district court apply the Hummel factors? No. The way fees are awarded in ERISA cases is that there are two steps. First, the court has to determine whether the claimant met the threshold test under Hart v. Reliance standard. And if the plaintiff passes that test, then their claim is considered under this five-factor Hummel test. And what the district court found in this case was that Mr. Woolsey hadn't even met the threshold test, so the district court never applied the five factors. Thank you. So if we take a look at ERISA's attorney's fee provision, there can't be any dispute that ERISA is a remedial statute. This court has repeatedly held that ERISA should be liberally construed in favor of protecting participants in employee benefit plans and securing that they have effective access to the federal courts. And as a result, ERISA's fee provision is crucial to vindicating employee rights. ERISA preempts all state law remedies. So typically the only relief that plaintiffs can get in these kinds of cases is the benefits that they should have gotten in the first place. There aren't any extra contractual remedies available. There are no punitive damages. As a result, ERISA's fee provision is one of the few tools that claimants have to ensure that their claims are properly processed. So without this provision... Counsel, your time is short, so could I just focus your attention to what was... So he has to show some success on the merits, right? That's right. Okay. So the district court said this is more of a procedural recovery. What's wrong with that? Well, I would argue that that's not true. It's a substantial recovery. You know, if you look at the Hart case, Hart tells us in describing what some success on the merits is, it says that courts don't have to conduct a lengthy inquiry into whether the party's success was substantial or occurred even on a central issue. So this is not a difficult test to meet. What this means is that the claimant doesn't need to prove that he's entitled to the benefits or even convince the court that he's likely... Do you think the district court in deciding to remand the case, do you think the district court in some way assessed whether or not if Mr. Woolsey had a full and fair hearing that he could potentially prevail on the merits of his underlying claim for disability benefits? I think that the district court's decision not to award fees, in other words, the district court's finding that Mr. Woolsey didn't meet the Hart test, I think was influenced by its evaluation of the merits of his claim as to whether he was eventually going to get benefits or not, whether he could prove that he was disabled or not. But if you look at the Hart test, I don't think that's what the Hart test is about. If you look at Hart, what Hart asks is, what did you achieve? What was the result? Well, let me ask you this. What if the district court sort of looked at the case and said, there's just no way you could prevail. So even though the insurance company, Aetna, made these mistakes, we're not going to – there's no benefit in remanding it. Could the district court have done that? I think if the district court had thought that, it would not have remanded the case. One of the criticisms that the district court had of the way Aetna handled this case was that – well, and the district court found that Aetna made six different procedural mistakes in handling this claim. One of the mistakes that the court found was that the record was thin. And if you look at the court's ruling, I think the court will see that one of the big reasons that the record is, quote, thin, is because Aetna made numerous mistakes in the way it evaluated his claim. It didn't investigate his claim fully. It didn't ask for evidence that it should have. So to the extent that the evidence is, quote, thin and doesn't show as much evidence of disability as we'd like, a lot of that has to do with the way Aetna handled the claim. And that's the whole point of remanding the case, right? Which is to make sure that Aetna gets all the evidence possible so that it can make a full and fair decision of Mr. Woolsey's claim. Let's – counsel, let's suppose that the panel was inclined to affirm. The matter would then be before the plan administrator. And let us further assume – this is all hypothetical – let us further assume that the plan administrator says, you're right, your client is disabled and entitled to benefits. Wouldn't you then be able to move to reopen in district court and have them apply the Hummel factors? There would be no question at that point, if you prevailed before the plan administrator, that you had prevailed fully on the merits. And you would have a plausible argument that the reason this has happened is because you obtained a remand on behalf of your client. It's possible that that could happen. Procedurally, it's unclear how that would work, whether the case would have to be reopened or whether we would have to file a new action. But what the vast majority of circuit and district courts have said in these kinds of cases is that you don't have to do that. I understand that. When you obtain the remand, at that time, you are eligible to make an application for fees under HART. Well, there's a circuit split on that, isn't there? I don't think so, Your Honor. Aren't there some circuits that say if you get a remand, you win, you get fees? But there are other circuits that say, no, you have to dig deeper than that. I'm not aware of any such split. And I would urge the court to really look at the First Circuit's decision in gross because the First Circuit, in that case, really explains why fees should be awarded at that interim time rather than having to wait. And the idea behind this is, again, the purpose of ERISA and the idea that the claimants need access to the federal courts. And awarding fees, even at an interim stage, is important to vindicating employee rights under ERISA. Counsel, can I ask, is your position that any time a plaintiff wins a remand, that you automatically clear that threshold, some success on the merit standard? That's a good question. And I understand why the court wants to look for, you know, limiting principles and contours of whatever rule it decides. And I think it is conceivable that there could be a scenario where a court remands a claim, but fees shouldn't be awarded in that case. I think, you know, one example of such might be if, for example, a claimant submitted materials, but it got lost in the mail. And so the administrator never got a chance to review the claim and then denied it. In that case, because nobody's done anything wrong, and the administrator hasn't done anything wrong because it never received documents for the claim, I can conceive that might be one possibility where fees shouldn't be awarded on a remand. But the vast majority of cases involving remands are exactly like this one. There are cases in which the court has found that the claimant did not get a fair shake. The administrator made mistakes in handling the claim, didn't give the claimant a full and fair review, and that's why it's remanding. So... Well, the reason I asked whether you were asserting a more categorical position is that I could see if we were to say, District Court, you made a legal error, because as a matter of law, anytime someone wins a remand, you know, they've cleared that first step. But as soon as you say, well, no, it's not all remands, it's just some, it seems to me then we're really reviewing for abuse of discretion, and I can't imagine an issue on which a district court should be more entitled to discretion than figuring out whether its own ruling was enough of a victory, enough beyond a purely, is it like a purely procedural victory that the court set in heart? It seems to me we have to give quite a bit of deference then, don't we, to the district court's evaluation of its own ruling? Well, sure. We understand that the standard of review on fee decisions in a risk of case is the abuse of discretion. But the abuse of discretion standard of review doesn't mean that the district court's order is impervious to appellate review. And I would argue that at a certain point, if there's an issue that a district court decides one way, but nearly every other court in the country, both at the circuit and district court levels, is deciding that issue a different way, that decision becomes such an outlier that it necessarily is an abuse of discretion. And I think that's especially true given this court's guidance in the Gorbacheva and the Flom cases, which clearly indicate this court's preference for awarding fees when there are remands. And furthermore, as we pointed out in our briefing, if Mr. Woolsey wins today, that's not the end of the district court's discretionary review. As we discussed earlier, there's the five-factor Hummel test that the district court will get to apply, and the court will get to use its discretion on each of those five factors to make findings and decisions about whether fees should be awarded. And, in fact, one of those factors is the relative merits of the party's position. So the district court, even if we win today, the district court will get a new opportunity to revisit the merits and exercise its discretion. Okay. Counsel, you've exceeded your time. We'll give you a little bit of time for rebuttal. But why don't we hear from counsel for the defendants. Good morning, and may it please the court. My name is Christina Holmstrom on behalf of Aetna Life Insurance Company. I want to ask before I remove my mask if that's appropriate. As long as that's okay with my colleague. Sure. Yes, that's fine. Thank you. We're all getting used to these new rules, right? This appeal is not about whether Mr. Woolsey met the threshold for showing success on the merits and eligibility for attorney's fees. This appeal is about whether the district court abused its discretion in finding that he did not. And as Your Honor pointed out at the end of that dialogue, it is the district court that's in the best position to determine whether her remand order was intended to be a success on the merits for Mr. Woolsey. Let me ask the same question I asked your opponent. Sure. This goes back, suppose we were to affirm, hypothetically, and it goes back to the plan administrator, and the plan administrator says in substance, he wins. He gets his disability payments under the policy, and the reason we're doing it is because of the new information he's provided on behalf of his client, including the fact that the Social Security Administration has awarded him disability. What does he do then? Well, I think, Your Honor, there's a couple of important points there. First of all, we're two years beyond the remand order, and there's been no such finding. Second of all, if there's been no finding of any kind. Right, because Mr. Woolsey did not timely submit his appeal on remand. That was in the record. We pointed that out in our fees motion, fees opposition. The other important thing to keep in mind is that this panel affirms. What the panel is affirming is Judge Brnovich's order, that her remand order, did not constitute a success on the merits. So while I would have to more carefully consider the legal intricacies of reopening a fees motion, I think it might be law of the case at that point that that order did not constitute a success on the merits. If Mr. Woolsey had to proceed with litigation because his claim is denied on remand, then perhaps that opens a new basis to seek fees. But it would be my inclination, again, this is not something we've briefed, but it would be my inclination that that ship has sailed. Judge Brnovich did not abuse her discretion in finding that he had not met the threshold eligibility requirements. I'm not sure I quite understand your argument. Are you saying that he cannot get any kind of review on remand? If this court finds, if this court affirms Judge Brnovich's decision, it's a finding that Judge Brnovich did not abuse her discretion in considering her remand order to not be a success on the merits. I don't know. We haven't briefed this issue. But she was only asked to decide whether or not there was some merits, you know, he prevailed on some merit. It's a very low threshold, as I understand. And her finding is that he did not. So you have to look at – Well, but let me ask you this. Why can't a procedural ruling, that is, that he didn't – what she said was he didn't get a full and fair hearing in front of the plan administrator, correct? What she did was identify a handful of procedural irregularities that prevented the record from being fully developed on appeal. A full and fair hearing. Why isn't that a substantive ruling in large respect? Because – I mean, many claimants who come before the district court on these kinds of complaints seeking disability benefits under an insurance plan, many of them only get a remand for reasons because there's been some sort of screw-up by the insurance company. I mean, this just wasn't any kind of little minor procedural error. This was – the judge determined that there was a – he did not get a full and fair opportunity to develop the record. Why isn't that prevailing on some merit? I don't understand. That's not quite what the district court's order said. But that's effectively what it was. Why a remand? Because among the handful of procedural irregularities that the district court described as largely inconsequential, she actually assigned blame for some of them to Mr. Woolsey. Could she have just said, there's no remand now? Even though there's these procedural errors, I'm not going to remand it because there's no way you're going to get benefits. She could have said that. She didn't do that, though, did she? This goes back to the considerable discretion that a district court is granted when dealing with these ERISA cases. Both on the merits of the ERISA claim and on the issue of attorney's fees, there is considerable discretion given to the district court. And when you're talking about attorney's fees, it's in many different levels. First, the district court has the discretion to determine whether eligibility is met, and that's the success on the merits test. Judge Brnovich acknowledged that standard, acknowledged that under Hart that certain remands could be considered a success on the merits, and went on to explain over three pages why this one wasn't. And she contrasted this case with Hart because among her 20 pages of decision on the merits of this case, at no point did she find any convincing evidence of disability. Hart was kind of unique because the district court judge in Hart was very upset with the insurance company, correct? It is correct that the judge was upset with the insurance company. And he basically said, if you don't grant benefits, if you don't do your review within 30 days, I'm going to award benefits. Absolutely, but even if you look at it. And the insurance company got the hint. Correct, and that is why a remand in that case was more of a statement on the merits of the claim. Same thing with gross. There was some underlying positive statements about the nature of the claimant's proof. Here, Mr. Woolsey utterly failed to prove his claim at the initial level. The district court was unequivocal about that. Well, so can I just ask you kind of the same question I put to your opponent in terms of the rule you want our court to adopt? And let me just phrase it in these terms. I look at a number of the other cases that your opponent has cited in which the remands looked an awful lot like this one, including in that unpublished decision that starts with a G that our court affirmed. Gorbachev. Yes, I can't even pronounce the name. I don't remember it. But in any event, I look at those, and I think your opponent is right that, boy, this judge on facts that seem awfully similar to all these other cases in which fees were awarded said no, and then you just want us to basically kind of rubber stamp that. Unless is there some, you know, guiding principle that emerges from a review of all those cases that you want us to adopt? The guiding principle is that the district court has discretion to determine whether its prior order constitutes a success on the merits. That's the guiding principle. No, that is definitely not a guiding principle. I'm talking about for our court. We have to review these, and how do I separate which ones are an abuse of discretion and which ones aren't, when the remands all look basically the same? If the district court properly identifies the standard, which this court did, acknowledging that some remands under HART can constitute success on the merits, and then goes on to provide a plausible explanation of why this particular remand does not, which, again, this court did by distinguishing HART, distinguishing GROSS, distinguishing many of the district court cases. Just to try to put a pin on it, is it because the district court didn't give enough of an affirmative indication that she saw merit in the underlying claim? Is that what you're saying is the key distinction? Certainly a piece of it. What else? What's the rest? In addition, the procedural irregularities that she flagged, she assigned almost equal blame to Mr. Woolsey. ERISA imposes a duty of proving the claim on the claimant, and Mr. Woolsey didn't do that here. If the court reviews the procedural irregularities the district court identified, what they essentially amount to is, on appeal, you didn't work hard enough to find the evidence he wasn't submitting. Can I ask you just to, I'm looking at the list on the opening brief at page 23 that lists the six errors that the district court found, and maybe you can give me your characterization. So the first one says, Aetna failed to assess the cumulative effect of Mr. Woolsey's multiple disabling conditions. You say that that's his fault, not your client's? That was not one of the ones that she assigned blame to him for. I'm talking about the collection of the neurology records, and when she talked about Well, the next one is Aetna's physicians gave, quote, short shrift to the findings of Mr. Woolsey's doctors. Is that his fault? And that is expressly couched in the concern that there otherwise was not much evidence submitted on appeal. So if you look at the district court's opinion, where that point is highlighted, it's definitely tied to the lack of evidence that was submitted on appeal, which Mr. Woolsey was to blame for, and which Judge Brnovich assessed him blame for. So he did not satisfy his duty of approving his claim. We contend that the claim should not have been remanded, that she should have ruled in our favor. But even with this remand order, the failure to submit evidence rested on Mr. Woolsey. There was no inkling of an endorsement of evidence supporting his claim. It was purely procedural. And among the things that the court wanted Aetna to consider on remand was a Social Security decision that didn't even exist. I grant you that one, right. That certainly Aetna can't be faulted for. But, I mean, I don't know. So you're saying that if the district judge in the underlying order didn't kind of hint that, boy, I think this claim has merit, and didn't find any fault on the part of the insurance company, that's the scenario in which a remand cannot count, essentially, as some success on the merits? I think that each case is going to rest on its own facts. But, again, it comes down to the district court's discretion. And if the district court can explain why this decision, as contrasted with Hart, and as contrasted with some of the other decisions, did not constitute a success on the merits, we need to honor that decision unless there's some showing that the district court abused its discretion. And here you don't get there on this record, because these small, again, quote, inconsequential findings that Judge Brnovich made, she assigned equal fault to Mr. Woolsey in most instances, and repeatedly said, this may not make a difference on remand, but I want you to look at it. So there's not that endorsement of his claim that you find so heavily within these other opinions. And in addition to that, the other times that his has come up on the circuit level, there isn't a court at the appellate level that has used Hart to reverse a district court's finding of eligibility or non-eligibility. The circuit level courts, they recognize that discretion. So unless there's something illogical or implausible about the district court's explanation of why this is not a success on the merits, that decision must be affirmed. I just have a quick question, because you're over your time. And hopefully you can answer this with a yes or no. My understanding is, your position on behalf of your client is, that even if the administrator awards full benefits to Mr. Woolsey, he should not be able to re-approach the district court to determine whether he has achieved success on the merits. Yes or no? I don't know. That's my inclination, but it's not something we've briefed, and it's not something that's come up. Well, you argued earlier that you would say it's law of the case. I said that my inclination is that it would probably be law of the case, but I would certainly need to look into that. It's not an issue that's been briefed. We'd be happy to go brief that if the court is concerned that that could affect the outcome here. But it's ultimately not relevant to whether or not the district court abused its discretion in interpreting its own order. Thank you. Thank you. Let's put a minute on the clock for rebuttal, please. I'll be very brief. The vast majority of cases, both circuit and district, have held that in cases exactly like this one, fees should be awarded. I think it's telling that in Etna's briefing they've been unable to cite to a single case like this one in which the district court refused to award fees on facts like this one. So as a result, we would urge the court to find that Mr. Woolsey did, in fact, achieve some success on the merits, which is a very low bar, and reverse the remand of the district court so that the district court can reconsider his motion under the Hummel test. Yeah, quick question. If we were to reverse and remand and instruct the district court to consider the Hummel factors and the district court said, I've applied them faithfully, you don't prevail, what would be the standard of review if you appealed from that? It would be abuse of discretion, Your Honor. Thank you. Okay. Thank you very much, counsel. The case just argued is submitted. Thank you.
judges: HAWKINS, PAEZ, WATFORD